IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PHAROH RA DEY EL,
Ex Relatione RODNEY DEWAYNE ELLIS,

       Plaintiff,

vs.                        No. 13-2449-JDT-dkv

FIRST TENNESSEE BANK;
PHH MORTGAGE CORPORATION;
ELIZABETH LASHLEY;
SHAPIRO & KIRSCH, LLP;
LEIGH HANSOM SKORUPA;
CEO GEORGE KIRSCH;
M. SCOTT BETTIS;
and JOHN AND JANE DOES 1-50,

       Defendants.

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On June 21, 2013, the plaintiff, Pharoh Ra Dey El ("Dey El"),[1] ex relatione Rodney Dewayne Ellis, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, using the court-provided form "Complaint for Violation of Civil Rights Under 42 U.S.C., § 1983."  The complaint was accompanied by a motion seeking leave to proceed *in forma pauperis*.  (D.E. 1 & 2.)  In an order issued on June 24, 3013 (D.E. 3), the court directed Dey El to

---

[1] On the form complaint supplied by the court, Dey El wrote his name on the plaintiff's line, in the party section, and on the signature line as "Phanoh Ra Dey El." (Compl., D.E. 1 at 1 § 3.) In all typewritten documents, Dey El identifies himself as "Pharoh Ra Dey El." (Compl., D.E. 1-1; Writ of Attachments, D.E. 5.)  In the Writ of Attachments, he asks that the docket be corrected to reflect his name as "Pharoh Ra Dey El, (D.E. 5 at 8), and the clerk is directed to correct the docket sheet as requested.

submit a properly completed *in forma pauperis* affidavit or pay the filing fee. Dey El filed the affidavit on July 24, 2013 (D.E. 4), and on July 25, 2013, the court granted leave to proceed *in forma pauperis*. (D.E. 6.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for lack of subject-matter jurisdiction and for failure to state a claim.

## I. PROPOSED FINDINGS OF FACT

This is an action to prohibit a foreclosure of real property located at 1212 Dorothy Place, Memphis, Tennessee 38104. In the court-supplied form complaint, Dey El states, "The facts of the case is [sic] that everyone aforementioned have breached their oaths of office. They are all involved 1. cival [sic] rights violations, 2. constitutional violations, bankruptcy obstruction, consumer rights violations, R.I.C.O. Act violations, contract violations, Sherman Anti Trust violations, FDCA violations, I.R.S. tax law violations, title of nobility violations, I.S.A. violations, title of nobility violations, DBA violations, consumer rights violations, Fair Debt Collection Practices Act violations, theft of stolen property, etc. between the dates of November 2012 - June 2013." (Compl., D.E. 1 § IV.) Named as defendants in the style of the case are: George Kirsch, Shapiro & Kirsch, PHH Mortgage Corporation, Elizabeth Lashley, Leigh Hansom Skorupa, First Tennessee Bank, M. Scott Bettis,

and John Does 1-50.[2]  The complaint also lists Dorothy Williams, Notary, and Gary Murphee, Private Server, as defendants in the body of the complaint.  (D.E. 1 at 2.)

In the form complaint, as relief, Dey El seeks "to cease and desist foreclosure and eviction for theft of property and violation of civil rights and to uphold my rights under the Constitution." (Compl., D.E. 1, § V.)  He further states, "I've been injured and so has the state by the acts of fraud and purjury [sic] and I need the assistance of the court for my rights and justice as a natural person, in propria persona." (*Id.*)

The form complaint has eleven attachments: a 13-page typed complaint entitled "Cease and Desist Foreclosure for Theft of Property Complaint for Violation of Civil Rights Under Title 42 U.S.C., § 1983 and 1985," (D.E. 1-1); Letter from Shapiro & Kirsch dated January 25, 2013, with notice of substitute trustee's sale scheduled for April 2, 2013, (D.E. 1-2); April 2, 2013 Notice of Bankruptcy Case Filing, Case No. 13-23467, Rodney Dewayne Ellis, Debtor, (D.E. 1-3); April 16, 2013 Request for Additional Time to File Schedules filed in Case No. 13-23467 in the United States Bankruptcy Court for the Western District of Tennessee, (D.E. 1-4)[3];

_____

[2]     Service of process cannot be made on unnamed or fictitious parties.  The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitations against those parties.  *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). Accordingly, it is recommended that the complaint be dismissed against the John Doe defendants.

[3]     Ellis was given until April 16, 2013 to complete his filings.  He failed to do so.  On May 1, 2013, his Bankruptcy case
(continued...)

3

April 2, 2013 Fax Transmittal Report that does not identify the faxed document, (D.E. 1-5); Quit Claim Deed dated March 7, 2012, conveying property at 1212 Dorothy Place from Latosha R. Williams to Rodney D. Ellis, along with March 9, 2012 Receipt from Register of Deeds, and March 9, 2012 Affidavit of Transfer fee, (D.E. 1-6); Letter from Shapiro & Kirsch dated November 6, 2012, to Rodney D. Ellis in response to request for loan payoff information, (D.E. 1-7); Letter from Rodney Ellis to George Kirsch of Shapiro & Kirsch dated April 15, 2013, (D.E. 1-8); a copy of Shelby County Court of General Sessions Detainer Warrant, Case No. F1616997, signed by Leigh Hanson Skorupa, attorney for plaintiff PHH Mortgage Corporation, on April 9, 2013, (D.E. 1-9); Letter from M. Scott Bettis, Crye-Leike Realtors, dated May 31, 2013, regarding foreclosure addressed to "Attention Occupant," (D.E. 1-10); and Letter from Shapiro and Kirsch to Latosha Williams or Current Occupant(s), dated June 11, 2013, demanding possession of property, (D.E. 1-11).

In the 13-page typed complaint attached to the court-supplied form complaint, Dey El states that he possesses a note signed by Latosha Williams ("Williams") promising to pay the sum of $86,896 to First Tennessee Bank. (D.E. 1-1 ¶ 2.) He states that Williams is named as the borrower on the note, and that on March 9, 2012, she quit-claimed her interest in the property to him, Rodney Dewayne Ellis. (*Id.* ¶¶ 3, 6, 7.) The Quitclaim Deed was recorded by the

---

[3]    (...continued)
was dismissed for failure to satisfy filing requirements. (Order Dismissing Case, May 1, 2013, U.S. Bankruptcy Court, Western District of Tennessee No. 13-23467.)

Shelby County Register on March 9, 2012, as Instrument No. 12027045. (D.E. 1-6.)

In the 13-page typed complaint attached to the court-supplied form complaint, Dey El contends that no loan was ever distributed by the Lender "or received by the Borrower which leads [him] to believe that the NOTE is defective, ambiguitas [sic], and insensible." (D.E. 1-1 ¶ 7.) He also makes the following conclusory claims: "NOTE is not evidence of a loan," (*Id.* ¶ 8); "NOTE is not a loan," (*Id.* ¶ 9); "No loan received," (*Id.* ¶ 10); "No risk or collateral for the loan," (*Id.* ¶ 11); "Failure to Validate Debt, means no loan," (D.E. 1-1 ¶ 12); "No Lawful Consideration for Contract/Note to exist," (*Id.* ¶ 15); "NOTE not valid," (*Id.* ¶ 17); "NOTE is not consideration," (*Id.* ¶ 18); "NOTE is not a tenant landlord agreement," (*Id.* ¶ 19); "No loan given to the borrower, means no consideration received from the lender," (*Id.* ¶ 22); and "No loan, no obligation," (*Id.* ¶ 25).

The 13-page typed complaint attached to the court-supplied form complaint further alleges that "the NOTE was converted into a trade-able security (see Exhibit "D") as it was the subject of transmittal or reference, in exchange for which, the 'lender', whose name appears on the NOTE and mortgage . . . received both full payment of the entire principal of the NOTE and a premium of approximately 2.5% of the entire loan balance." (*Id.* ¶ 24.1.) Exhibit D does not contain any reference to a trade-able security. It is a fax transmission report that shows 2 pages were faxed. It does not identify the pages, nor does it identify to whom the pages were faxed. Dey El contends that the note has been satisfied in full by third-party

payment, (*Id.* ¶¶ 24.m.i., 25), and that there is "no ongoing financial obligation." (*Id.* ¶ 25).

In the attached 13-page typed complaint, Dey El seeks declaratory, compensatory, punitive, injunctive and other proper and just relief. He seeks payment of attorneys fees and costs of the action. Del El asks for payment of "a. $2,000,000 in U.S. Silver dollars and/or 0.999 pure gold or silver coin/bullion; b. Appropriately calculated compensatory damages; c. Appropriately calculated as punitive damages." He further demands the right to amend the complaint and asks the court to order injunctive relief from the "DEFENDANTS/LIBELLEES' interruption of PLAINTIFF's Rights" and to "discharge all of the PLAINTIFF'S alleged debt. (*Id.* § V, ¶¶ 1-8).

According to public documents recorded in the Register's Office of Shelby County, Tennessee, LaTosha Williams, an unmarried woman, on September 21, 2009, conveyed to Larry N. Westbook, Esq., Trustee, the property located at 1212 Dorothy Place, Memphis, Tennessee, 38104, to secure payment of a promissory note of the same date in the amount of $86,896.00 with First Tennessee Bank National Association. (Deed of Trust, Instr. No. 09114953; modified at Instrument No. 11127074.) The law firm of Shapiro & Kirsch LLP was appointed Substitute Trustee by PHH Mortgage Corporation, the then present holder and owner of the promissory note. (Substitution of Trustee, Inst. No. 12069502.) On January 25, 2013, Shapiro & Kirsch LLP sent a Notice of Substitute Trustee's Sale to the occupant of 1212 Dorothy Place. (D.E. 1-1.) The foreclosure sale was scheduled for April 2, 2103 at 11:00 A.M. At that time, the property was sold to

PHH Mortgage Corporation, the holder of the indebtedness. (Substitute Trustee's Deed, Instrument No. 13121597.) On April 10, 2103, PHH Mortgage Corporation, the present owner of the property, filed an FED action in the General Sessions Court of Shelby County, Tennessee, seeking possession of the property at 1212 Dorothy Place. On May 20, 2013, the General Sessions Court granted PHH Mortgage Company possession with a writ to be issued on or after June 18, 2013.[4] Dey El filed the present lawsuit on June 21, 2013.

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  28 U.S.C. § 1915(e)(2) Screening

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

> (i)      is frivolous or malicious;

> (ii)     fails to state a claim on which relief may be granted; or

> (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

### B.  Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*,

---

[4]      It is unclear whether Dey El still resides at 1212 Dorothy Place, Memphis, Tennessee.

550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and

stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. Subject-Matter Jurisdiction

As an initial matter, the court must determine whether it has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The

character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 (stating that "a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*"). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." The complaint contains no jurisdictional allegations, other than it is a court-supplied complaint form styled as one under 42 U.S.C. § 1983.

1. *Diversity Jurisdiction*

The court first considers whether diversity jurisdiction exists. According to 28 U.S.C. § 1332, "[t]he district courts shall have

original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)(citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); *see also Johnson v. New York*, 315 F. App'x 394, 395 (3d Cir. 2009)(per curiam); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)(complaint did not properly allege diversity jurisdiction); *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009)(complaint and notice of removal did not adequately establish diversity jurisdiction); *Ellis v. Kaye-Kibbey*, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008)(dismissing complaint for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1208 (3d ed. 2004). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

Dey El has failed to allege sufficient facts in his complaint to establish diversity jurisdiction. The complaint does not allege

the citizenship of any of the parties.  The complaint states Dey El "resided at 1212 Dorothy Place [38104-4651]," but the complaint does not allege his citizenship.  (*See* Compl., D.E. 1-1 ¶ 1.)  The complaint does not allege any place of incorporation, headquarters, addresses, or citizenship as to any of the defendants.  However, from the attachments it appears that Shapiro and Kirsch, LLC is a Tennessee law firm.  For purposes of this analysis, the court will treat both Dey El and Shapiro and Kirsch, LLC as Tennessee citizens.  Thus, complete diversity is lacking between the parties, and the court lacks diversity jurisdiction.

2. *Federal-Question Jurisdiction Under 28 U.S.C. § 1331*

Next, the court considers whether there is subject-matter jurisdiction under 28 U.S.C. § 1331, which provides for federal jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Despite approximately four references in the complaint to the "constitution,"[5] the complaint fails to allege a violation of a specific constitutional right.  Nor does the complaint allege that any of the defendants violated any treaty.

The references to federal statutes to cited by Dey El are insufficient to confer federal jurisdiction or to assert a viable claim arising under any federal statute.  Even if the scattered

---

[5]    There are only four vague conclusory references to the constitution in the form complaint and the 13-page typed complaint: (1) "constitutional violations," (D.E. 1 at 2); (2) "uphold my rights under the constitution (D.E. 1 at 3); (3) "constitutional violations (D.E. 1-1 at 1 (in the heading);  and (4) "constitutional violation" (D.E. 1-1 at 2.)

references in the complaint to various federal statutes discussed below were construed as asserting claims under those statutes, the complaint still does not contain sufficient factual allegations of a viable federal claim.

Using the court-supplied complaint form, Dey El alleges violation of his civil rights under 42 U.S.C. § 1983 in the title of his complaint. In the title of his 13-page typed attachment, Dey El also alleges violations of his civil rights under 42 U.S.C. § 1985. Dey El fails to state a claim under 42 U.S.C. § 1983, which is the primary claim in his lawsuit as evidenced by his use of the court-supplied form complaint for violations of Section 1983.

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

42 U.S.C. § 1983. It provides a method of seeking redress of deprivation of federal constitutional rights and federal statutory rights. *Albright v. Oliver*, 510 U.S. 266 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) first, that the defendant acted under color of state law, and (2) a deprivation of rights secured by the United States Constitution or federal statutory law. *Fritz v Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

As to the first *prima facie* element, based on the allegations in the complaint along with the exhibits attached to the complaint, none the defendants named in the complaint appear to be employees of the county or city. There are no factual allegations whatsoever in the complaint that reasonably suggest that these defendants engaged in conduct that could be construed as "state action." Thus, Dey El has failed to satisfy the under color of state law requirement, and the complaint fails to state a claim under § 1983.

The complaint also does not assert a valid claim against any defendant under 42 U.S.C. § 1985, which prohibits conspiracies to deprive persons of certain civil rights on account of their membership in a protected class. Although the complaint does not specify which of the three subsections of section 1985 is at issue, Dey El is presumably relying on 42 U.S.C. § 1985(3), which prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws."

> [I]n order to state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

*Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); *see also Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007). Construed liberally, Dey El's complaint does not allege that the defendants were motivated by racial, or other class-

based, discriminatory animus. Indeed, Dey El never alleges that he is a member of a protected class. He does not include any factual allegations supporting any claims for violation of any federal statute providing for the protection of civil rights. Thus, the complaint fails to state a claim under § 1985.

In addition to the references to 42 U.S.C. § 1983 and § 1985 in the title of his form complaint and his 13-page type attachment, Dey El references federal statutes in four other places in his pleadings. In paragraph IV of the form complaint, Dey El lists the following statutory violations (without citation), among other violations:

> consumer rights violations, R.I.C.O. Act violations, contract violations, Sherman Anti Trust violations, FDCA violations, I.R.S. tax law violations, title of nobility violations, I.S.A. violations, title of nobility violations, DBA violations, consumer rights violations, Fair Debt Collection Practices Act violations, theft of stolen property, etc.

(Compl., D.E. 1 at 2.) In the title of his 13-page typed complaint, Dey El lists the following federal statutes:

> R.I.C.O. Act Violations . . . ; Sherman AntiTrust Violations; FDCA Violations; I.R.S. Tax Law Violations . . . ; I.S.A. Violations, DBA Violations; 1792 Coinage Public Law 73-10; Public Law 10, Ch. 48, St. 48-112 . . . ; Consumer Rights Violations; and Fair Debt Collections Practice Act.

(D.E. 1-1 at 1.) On the next page of his 13-page typed complaint, Dey El includes a paragraph listing a hodge-podge of statutory and other violations, some of which are non-existent, meaningless and unintelligible:

> Complaint for damages, theft of property, illegal foreclosure, bankruptcy obstruction, deprivation of rights, civil rights violations under 42 U.S.C. especially § 1983 and 1985, constitutional violations, Racketeer Influenced Corrupt Organizations Act violations, consumer rights violation, contract violations, Sherman Antitrust

15

> violations, FDCA violations, I.R.S. tax Law violations,
> title of nobility violations, I.S.A. violations, D.B.A.
> violations, 1792 Coinage Act violations, bulk Miller Act
> violations, BBB violations, human rights violations,
> discharge of debt through legal tender violations,
> political and public corruption, mail fraud, fraud,
> conspiracy, undue enrichment, aiding and abetting, willful
> and wanton irreparable harm, commercial war, commercial
> credit slander and continuous torts, extortion, violation
> of Consumer Fraud and Deceptive Business Practices Act,
> violation of the Fair Debt Colletions (sic) Practice Act,
> and violation of Trading with the Enemy Act . . .

(D.E. 1-1 at 2.) Finally, on page 9 of the 13-page typed attachment,

Dey El references these acts:

> Violation of FDA Home Loan 80/20 Loan is illegal and
> unlawful in RESPA (Real Estate Procedural Act), Regulation
> Z, Truth in Lending Act, and Public/Political Corruption
> Mortgage Fraud Public Law 73-1-, Chapter 48, Stat. 48-112
> HJR 192 Bankruptcy of 1933.

(D.E. 1-1 at 9.)

Despite this laundry list of statutory and other violations, Dey El's complaint does not identify the provisions of the federal statutes he claims were violated and does not contain any factual allegations to support the elements of a cause of action for violation of any of the statutes. In particular, the conclusory reference to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*. fails to state a claim. The complaint does not identify the provisions of RICO that defendants allegedly violated, but the court assumes that Dey El is proceeding under § 1964(c), RICO's provision authorizing civil suits for a violation of 18 U.S.C. § 1962. It provides provides, in pertinent part, that:

> Any person injured in his business or property by reason
> of a violation of section 1962 of this chapter may sue
> therefor in any appropriate United States district court
> . . . .

18 U.S.C. § 1964(c). To establish a violation of § 1962,[6] a plaintiff must show: "(1) that there were two or more predicate offenses; (2) that an 'enterprise' existed; (3) that there was a nexus between the pattern of racketeering activity and the enterprise; and (4) that an injury to business or property occurred as a result of the above three factors." *VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 699 (6th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). An "enterprise" can be proven by showing (1) that a group of persons formed an ongoing organization; (2) that they functioned as a continuing unit; and (3) that the organization was separate from the pattern of racketeering activity in which it engaged. *Id*. RICO defines racketeering activity to include any act that is indictable under certain provisions of title 18 of the United States Code, including wire fraud, 18 U.S.C. § 1343, and mail fraud, 18 U.S.C. § 1341. Dey El's complaint contains no factual allegations that support the elements of a civil RICO cause of action. There are no allegations of an enterprise or of two or more predicate offenses. Therefore, the complaint fails to state a claim under RICO, and RICO does not provide a basis for federal-question jurisdiction.

---

[6]     18 U.S.C. § 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

The conclusory reference to Truth in Lending Act fails to state a claim under the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA").  Assuming that Dey El is claiming that the defendants did not provide Williams the notice required by § 1635(a), rescission is untimely.[7]  Under 15 U.S.C. § 1635(f), "[a]n obligor's right of

_____

[7]    15 U.S.C. § 1635(a) provides as follows:

(a) Disclosure of obligor's right to rescind

    Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.  The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.  The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

(b) Return of money or property following rescission

    When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect

(continued...)

rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . ." 15 U.S.C. § 1635(f). Here, the mortgage transaction that is the subject of this lawsuit occurred in 2009. More than three years have passed, and William's right to rescission is time barred.

This limitations period is not subject to equitable tolling. *Famatiga v. Mortg. Elec. Registration Sys., Inc.*, No. 10-10937, 2011 WL 3320480, at *4 (E.D. Mich. Aug. 2, 2011)("Courts in this district have interpreted § 1635(f) to completely preclude equitable tolling to the statute of limitations for a plaintiff's right to rescind."); *Reed v. Deutsche Bank Nat'l Trust Co.*, No. 1:09-cv-692, 2009 WL 3270481, at *4 (W.D. Mich. Oct. 5, 2009)(collecting cases); *Bolden v. Aames Funding Corp.*, No. 03-2827, 2005 WL 948592, at *3 (W.D.

---

[7]    (...continued)
the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

15 U.S.C. §§ 1635(a)-(b).

Tenn. Feb. 25, 2005); *see also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998)(noting that TILA "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run").  A time-barred TILA violation is not a defense to a subsequent foreclosure.  *Beach*, 523 U.S. at 411-12.  In addition, any claim for damages for a violation of TILA must be filed within one year from the date of the occurrence of the violation.  15 U.S.C. § 1640.  Therefore, the complaint fails to state a claim under TILA, and TILA does not provide a basis for federal-question jurisdiction.

The conclusory reference to a violation of the Fair Debts Collection Practice Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") is not sufficient to state a plausible claim under the Act.  Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(e).  To be held liable under the FDCPA, a defendant must be a "debt collector" within its meaning. Notably, the FDCPA distinguishes between the term "creditor" and "debt collector."  A creditor is "any person who offers or extends credit creating a debt or to who a debt is owed", while the term "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a (4), (6).  It is "well-settled" generally that "a creditor is not a debt collector for the purposes of FDCPA and creditors are not subject to the FDCPA when collecting their accounts."  *MacDermid v. Discover Fin. Serv.*, 488 F.3d 721, 735 (6th Cir. 2007) (quoting

*Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003)). The term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). In other words, the term "debt collector" does not include "the consumer's creditors . . . or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Circ. 1996)(citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). For purposes of this analysis, the court assumes Shapiro and Kirsch, LLC was a "debt collector" within the meaning of the FDCPA.

Even if Shapiro and Kirsch, LLC is considered a "debt collector" under the FDCPA, Dey El is not a debtor/consumer under the Deed of Trust, and therefore he has no cognizable claim under the FDCPA. The FDCPA provides that debt collector, upon being assigned the debt, must communicate with a consumer in connection with the collection of a debt and send the consumer a written notice containing information about the debt. 15 U.S.C. § 1692g. The FDCPA defines a consumer as "a person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The Deed of Trust lists Williams, not Dey El, as a borrower. Therefore, Dey El is not a "consumer," and thus has failed to state a viable claim under the FDCPA.

To the extent Dey El's claims arise under federal criminal statutes, such as theft of property, mail fraud, aiding and abetting, and extortion, there is no private right of action. This is a civil

action.     Absent a private right of action, a plaintiff cannot
recover civilly for violation of a criminal statute.     *See Saro v.
Brown,* 11 F. App'x 387, 388 (6th Cir. 2001)("Violations of these
[mail and wire fraud] sections of the federal criminal code do not
give rise to independent causes of action."); *Collins v. Mortg. Elec.
Registration Sys.*, No. 3:11-cv-00264, 2012 WL 610191, at *7 (M.D.
Tenn. Feb. 24, 2012)(dismissing plaintiff's claims for criminal
forgery and criminal grading of theft offenses in civil action),
*report and recommendation adopted*, 2012 WL 848041 (M.D. Tenn. Mar.
12, 2012); *see also Hopson v. Shakes*, No. 3:12CV-722-M, 2013 WL
1703862, at *2 (W.D. Ky. Apr. 19, 2013)(holding that federal
extortion statute "is a criminal statute, and federal courts have
consistently found that the Hobbs Act does not support a private
cause of action")(internal quotation marks omitted).     In addition,
an individual cannot file criminal charges.     Therefore, it is
recommended that Dey El's claims for violations of these criminal
statutes be dismissed for failure to state a claim.

As to the references to other federal statutes, including but
not limited to, the Sherman Act, the I.R.S., the Trading with the
Enemy Act, and the Miller Act, there are no factual allegations in
the complaint to set forth a plausible claim.     The other references
to federal statutory violations are largely unintelligible or
unrelated to the issues in the complaint.

In sum, Dey El has failed to state in his complaint any viable
claim arising under any federal law, and therefore the court lacks
subject-matter jurisdiction under 28 U.S.C. § 1331.     Assuming the
court has jurisdiction under 28 U.S.C. § 1331, Dey El has failed to

22

state a claim for which relief can be granted under any of the federal statutes referenced in his complaint.

D.  *Standing*

The main thrust of Dey El's complaint is that Williams never received the funds for the loan in connection with the promissory note, and therefore no money was owed to PHH Mortgage Company by Williams on the promissory note, and PHH Mortgage Company improperly foreclosed on the property.  To the extent that Dey El's claims arise out of the loan transaction between Williams and First Tennessee Bank, he lacks standing to pursue such claims because he was not a party to the transaction.  *See, e.g., Robinson v. Select Portfolio Servicing, Inc.,* No. 12-1768, 2013 WL 1405201, at *3-4 (6th Cir. Apr. 9, 2013)(holding that litigant who is not a party to an assignment lacks standing to challenge an assignment but recognizing that the obligor on the note can raise certain defenses to the note and assignment); *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102-03 (6th Cir. 2010)(finding there is "ample authority to support the proposition that a litigant who is not a party to an assignment lacks standing to challenge that assignment" under Michigan law)(internal quotation marks omitted); *Brown v. Fed. Nat'l Mortg. Ass'n*, No. 2:13-cv-02107-JTF-cgc, 2013 WL 4500569, at *3 (W.D. Tenn. Aug. 19, 2013)(citing *Livonia* for the same proposition).  Lack of standing implicates the case-or-controversy requirement of Article III, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case.  *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007).

E.    The Remaining State-Law Claims

To the extent Dey El purports to assert claims under state law for fraud, undue enrichment, breach of contract, and tort, among others, it is recommended that these claims be dismissed. As discussed above, the court has determined that every federal claim asserted by Dey El should be dismissed for failure to state a claim and lack of federal subject-matter jurisdiction. Without a basis for federal jurisdiction, the court should not exercise supplemental jurisdiction over any state law claims by Dey El. *See* 28 U.S.C. § 1367(c)(3)("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). Accordingly, it is recommended that any remaining state law claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

The state law claims should also be dismissed for failure to state a claim because the complaint fails to state any plausible claims under state law. Dey El has failed to plead a claim for fraud with particularity as required by Rule 9, in that he failed to identify any false statement allegedly made by any defendant, and much less, the time and date of any false representations. Dey El's purported state-law claims for illegal foreclosure are not supported by existing state law. Dey El has pleaded no plausible facts to support his theory that the note was invalid.

### III.   RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* for lack of subject-matter jurisdiction, pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil

24

Procedure, and for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2) as to all the defendants, and judgment be entered for all the defendants.

Respectfully submitted this 29th day of October, 2013.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.